UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDGAR HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:11-CV-2023 (CEJ) |
| | ) |
| PLANNED PARENTHOOD, | ) |
| | ) |
|     Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's second motion to compel plaintiff to provide his initial disclosures and responses to interrogatories and requests for production. Plaintiff has not filed a response to the motion to compel and his time for doing so has expired. Defendant also asks the Court to order plaintiff to participate in mediation. The docket record indicates that the parties attended mediation on October 26, 2012, after this motion was filed, so this request will be denied as moot.

Plaintiff, proceeding *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. He alleges that defendant improperly terminated his employment on the basis of his race. Defendant contends that plaintiff was terminated because he threatened a supervisor who denied his request for time off to attend a family court proceeding. On August 20, 2012, the Court granted defendant's first motion to compel and directed plaintiff to provide, not later than September 10, 2012, his initial disclosures and responses to defendant's interrogatories and requests for production. Plaintiff was warned that he faced sanctions, including possible dismissal of his complaint, if he failed to comply with the order.

Plaintiff subsequently served responses to interrogatories. Defendant asserts that plaintiff's responses are inadequate in several respects. In addition, plaintiff has never provided his initial disclosures. Defendant asks the Court to again compel plaintiff to provide proper responses or, in the alternative, to dismiss his complaint as a sanction under Rule 37(b), Fed.R.Civ.P. Because plaintiff has made an effort to comply with the Federal Rules and the Court's order, the Court will direct him to supplement his responses and will not dismiss his complaint at this time.

### Initial Disclosures

Under Rule 26(a)(1)(A), plaintiff must give defendant: (1) the name and, if known, address and telephone number of <u>each</u> individual with information that plaintiff will rely on to support his claim at trial, and the subject matter of the information each individual possesses; (2) a copy of all documents plaintiff intends to use to support his claim; and (3) a statement of the damages he is claiming. Plaintiff is warned that if he fails to provide this information, he will not be allowed to rely on it in these proceedings at a later time. Fed.R.Civ.P. 37(c).

### Interrogatories

"Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 34 (1984). As long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed. <u>M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.</u>, 103 F.R.D. 635, 637 (D. Mass. 1984).

The party resisting production bears the burden of establishing lack of relevancy or undue burden. <u>Oleson v. Kmart Corp.</u>, 175 F.R.D. 560, 565 (D. Kan. 1997) ("The objecting party has the burden to substantiate its objections.") The party must

demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Burke v. New York City Police Department, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).

Plaintiff objected to several of interrogatories as seeking information he deemed to be irrelevant. Interrogatories 3, 4, and 16 seek information regarding plaintiff's employment since his termination, other employment he had while employed by defendant, and jobs he has applied for since his termination. This information is relevant to any damages plaintiff may be entitled to if he prevails and he must provide full responses to these interrogatories. Interrogatory 8 seeks the same information regarding plaintiff's damages calculations as he is required to disclose under Rule 26(a)(1)(A), and thus is moot. Interrogatories 9 and 10 ask plaintiff to identify any other individuals with whom he spoke about the allegations in his complaint. This information is relevant and plaintiff must make his best effort to answer the interrogatories.

Interrogatory #12 asks whether plaintiff has any felony or misdemeanor arrests or convictions. Plaintiff objects on the basis of relevance, contending that the information sought is not relevant to this employment discrimination suit. "Courts have routinely allowed discovery of a party's criminal past in employment

discrimination cases." Abraham v. B.G. Boltons' Grille & Bar, 2007 WL 1146585, at *5 (D. Kan. Apr. 17, 2007); O'Neill v. Runyon, 898 F. Supp. 777 (D. Kan. 1995) (discussing evidence of a plaintiff's criminal history in context of employer attempting to invoke after-acquired evidence doctrine in attempt to bar plaintiff's recovery). Evidence of past convictions bearing on the truth and veracity of a witness may be used at trial for the purpose of attacking the character for truthfulness of the witness. Fed.R.Evid. 609(a)(2).  If the action proceeds to trial and plaintiff testifies, defendant will be entitled to use any past convictions that bear on his character for truthfulness to impeach him.  Alberts v. Wheeling Jesuit University, 2010 WL 1539852, at *15 (N.D.W. Va. 2010).  Past arrests are not admissible for impeachment purposes, however, and the interrogatory will be limited to information regarding convictions only.  See E.E.O.C. v. Area Erectors, Inc., 247 F.R.D. 549, 553 and n.4 (N.D. Ill. 2007) (declining to order production of arrest records).  Plaintiff also cites the Fifth Amendment in his interrogatory response, presumably intending to invoke his privilege against self-incrimination.  Plaintiff has not shown that disclosure of past convictions will expose him to a risk of self-incrimination in a pending criminal matter.  Thus, his objection based on the Fifth Amendment is overruled.  Plaintiff will be directed to provide information regarding past misdemeanor and felony convictions.

Interrogatory 17 seeks information regarding plaintiff's requests for time off during his employment.  Plaintiff answered solely with respect to the request leading to his termination.  Defendant asserts that it is entitled to learn whether plaintiff complied with its policies for requesting time off, both in this instance and in the past. The Court believes that the best source for this information is defendant's personnel records.  However, if plaintiff is in possession of any notes or documents reflecting earlier requests for time off, he must produce them.

Finally, plaintiff must sign his interrogatory responses.  Rule 33(b)(5).

### Requests for Production

Plaintiff's responses to the requests for production suggest that he did not fully understand what he was being asked to provide.[1]  If plaintiff is in possession of any paper or electronic documents in the categories defendant asks for, he must describe them and provide copies of them to defendant.  If he does not possess any such documents, he may indicate that there are no responsive documents.  He may not withhold documents because he believes that they are irrelevant.  If he has already produced all responsive documents, he may state this.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel [Doc. #39] is **granted** in accordance with the discussion above.

**IT IS FURTHER ORDERED** that, not later than **November 19, 2012**, plaintiff shall (1) make his initial disclosures as required by Rule 26(a)(1), Fed.R.Civ.P.; (2) supplement his answers to defendant's first set of interrogatories; and (3) supplement his responses to defendant's first requests for production and produce additional documents, if applicable.

Failure to comply with this order may result in the imposition of sanctions as authorized by Rule 37(b), including dismissal of the action.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2012.

---

[1] For example, in response to a request for documents supporting his claim for damages, he responded, "racial bias."