UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDGAR HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-2023 (CEJ) |
| ) | |
| PLANNED PARENTHOOD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for summary judgment. Plaintiff, who proceeds *pro se*, has not filed a response in opposition to the motion and his time for doing so has expired.

Plaintiff Edgar Harris, who is African-American, was employed by defendant Planned Parenthood as an armed security guard. He brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, alleging that defendant improperly terminated his employment based on his race.

I.   **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986);

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## II. Background

Plaintiff was employed by defendant as an armed security guard from March 30, 2009 to September 28, 2011. Because plaintiff was scheduled to be in court on September 28, 2011, he asked his supervisor, Tom Hemingway, to find coverage for his shift on that date.[1] On September 27, 2011, Hemingway told plaintiff that no coverage was available. According to Hemingway, plaintiff became angry and made the statement, "I should shoot this place up." Hemingway states that he became concerned and asked another employee to speak to plaintiff. Hemingway left the premises and plaintiff completed his shift. On September 28, 2011, Cathy Williams, defendant's Vice President of Human Resources, informed plaintiff that his employment was terminated for making a threat.

Plaintiff filed a claim for unemployment benefits which was initially denied based on the finding that plaintiff had been discharged for misconduct. *Decision of Appeals*

---

[1]Plaintiff claims that he gave Hemingway notice of his court date on September 13, 2011; defendant asserts that plaintiff did not give notice until September 27, 2011.

*Tribunal, Dec. 16, 2011* [Doc. #10]. Plaintiff appealed the denial. After receiving testimony from plaintiff and a witness from defendant, the Appeals Tribunal determined that plaintiff did not make the threat for which he was terminated and that plaintiff was not disqualified from unemployment benefits.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), in which he alleged that he was terminated because of his race. According to plaintiff's sworn statement to the EEOC, Williams told him over the telephone that he was terminated because he threatened "to shoot up the place." Plaintiff denied making the statement and pointed out to Williams that Hemingway would not have allowed plaintiff to complete his shift if he had made such a threat. Plaintiff states that Williams refused to consider plaintiff's argument or conduct an investigation and opted to believe Hemingway, who is white, instead of plaintiff. Despite terminating his employment for making a violent threat, Williams told plaintiff that he could come to the facility to pick up his paycheck. Plaintiff states that before his termination, he "always had excellent job performance."

### III.  Discussion

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e–2(a)(1). Absent direct evidence of discrimination, a plaintiff's Title VII discrimination claim is analyzed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–03 (1973). Under this framework, the plaintiff initially has the burden to establish a *prima facie* case of discrimination. Pye v. Nu Aire, Inc., 641 F.3d 1011, 1019 (8th Cir. 2011). A *prima facie* case creates a rebuttable presumption of discrimination. The burden then shifts to the defendant to

provide a legitimate, nondiscriminatory reason for its decision. If the defendant provides such a reason, the presumption disappears, and the burden shifts back to the plaintiff to show that the proffered reason was pretext for discrimination.  Id. (citing Lake v. Yellow Transp., Inc., 596 F.3d 871, 873–74 (8th Cir. 2010)).

To establish a *prima facie* case of discrimination, plaintiff must show (1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination.  Id. (citing Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011)). "The required *prima facie* showing is a flexible evidentiary standard, and a plaintiff can satisfy the fourth part of the *prima facie* case in a variety of ways, such as by showing more-favorable treatment of similarly-situated employees who are not in the protected class, or biased comments by a decisionmaker." Id. (citing Lewis v. Heartland Inns of Am., L.L.C., 591 F.3d 1033, 1039–40 (8th Cir. 2010) (internal quotation and citation omitted).

Defendant does not dispute that the first three elements of the *prima facie* case are established.  With respect to the fourth element, plaintiff asserts that the decisionmaker terminated his employment without conducting an investigation and that she did so solely based on race.  This circumstance is sufficient to give rise to an inference of discrimination.

The burden thus shifts to defendant to proffer a legitimate, nondiscriminatory reason for plaintiff's termination.  Here, defendant asserts that plaintiff made a threat of violence. In support of its assertion, defendant submits statements of employees that purport to be contemporaneous accounts of the events leading up to plaintiff's termination.  However, these statements were not made under oath or penalty of perjury.  There is no indication that they were made part of plaintiff's personnel record

and, even if they were, there is no affidavit or declaration from the record keeper attesting to their authenticity.  The statements were identified in defendant's responses to plaintiff's discovery requests, but the responses were not signed under oath.  In the absence of competent documentary evidence, the Court finds that defendant has failed to meet its burden for the purposes of summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #49] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2013.